IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRIAN DOLAN,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>AERO MICRONESIA,<br><br>　　　　　　Defendant. | CIVIL NO. 19-00671 JAO-KJM<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

Plaintiff Brian Dolan ("Plaintiff") brings this action for discrimination and

retaliation against his former employer, Defendant Aero Micronesia

("Defendant").  Before the Court is Defendant's Motion for Summary Judgment.

For the reasons stated below, the Court GRANTS IN PART Defendant's Motion.

**I.　　BACKGROUND**

**A.　　Facts**[1]

Defendant hired Plaintiff as a pilot in 2003.  *See* ECF No. 20 ¶ 1; ECF No.

20-2 at 1.  In 2015, Plaintiff filed a Charge of Discrimination with the Equal

Employment Opportunity Commission ("EEOC") alleging Defendant

---

[1] The following facts are undisputed.  *See* ECF No. 24 (indicating Plaintiff does not object to any facts set forth in Defendant's concise statement).

discriminated against him in violation of Title VII on the basis of his national origin (Marshallese) by excluding him from Boeing 757 training, not scheduling him on Boeing 757 flights, and harassing him for raising concerns regarding violations of Federal Aviation Administration ("FAA") safety regulations. *See* ECF No. 20 ¶ 4.  In 2016, Plaintiff filed another Charge with the EEOC alleging Defendant retaliated against him in violation of Title VII for filing the 2015 EEOC Charge. *Id.* ¶ 6.[2]  In or around January 2017, the EEOC dismissed both Charges and Plaintiff received a Notice of Right to Sue as to each Charge. *Id.* ¶¶ 8–9.  On April 18, 2017, Plaintiff sued Defendant in the U.S. District Court for the District of Guam ("2017 Lawsuit") alleging Defendant discriminated against him on the basis of his national origin and retaliated against him for filing the 2015 and 2016 EEOC Charges by:  ousting him from the Boeing 757 program after he raised safety concerns, demoting him to flying Boeing 727 planes, taking him off the schedule and denying him special flights, and treating Caucasian pilots more favorably. *Id.* ¶¶ 9–10.  Plaintiff dismissed the 2017 Lawsuit without prejudice. *Id.* ¶ 12.

In the meantime, Plaintiff also filed two separate complaints against Defendant with the Occupational Safety and Health Administration ("OSHA") in

---

[2] Plaintiff's Charges were "dual-filed" with the Guam Department of Labor Fair Employment Practice Division, i.e., also filed with the relevant state (or in this case, territorial) agency with the power to redress the issue.  *See* ECF No. 20 ¶ 3.

December 2016 and June 2017 (respectively, the "2016 OSHA Complaint" and "2017 OSHA Complaint") alleging Defendant engaged in retaliatory practices in violation of the whistleblower provisions of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR21"), 49 U.S.C. § 42121. *Id.* ¶¶ 14–17; ECF No. 20-12 at 1; ECF No. 20-13 at 9.  The 2016 OSHA Complaint is currently on appeal to the U.S. Department of Labor Administrative Review Board, ECF No. 20 ¶ 16, and OSHA has yet to issue a final decision on the 2017 OSHA Complaint, *id.* ¶ 19.

Defendant terminated Plaintiff on June 12, 2017.  *Id.* ¶ 2.  On or around June 20, 2017, Plaintiff filed another EEOC Charge alleging Defendant retaliated against him in violation of Title VII from April 2017 until June 2017 by reducing his work hours and eventually terminating his employment as retaliation for filing the 2015 EEOC Charge and the 2017 Lawsuit.  *Id.* ¶¶ 20–21.  Plaintiff filed the present lawsuit in December 2019, which alleges both discrimination and retaliation because he was excluded from the Boeing 757 program, harassed for raising concerns about FAA safety violations, assigned fewer hours, and terminated.  *Id.* ¶¶ 23–24.

## B.  Procedural History

Plaintiff filed a Complaint against Defendant alleging the following claims: Count I—National Origin Discrimination, and Count II—Retaliation.  *See* ECF

No. 1.  Defendant seeks summary judgment on both claims.  *See* ECF No. 19.  The Court elects to decide Defendant's Motion without a hearing pursuant to Local Rule 7.1(c).

## II.   LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "This burden is not a light one."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).  But the moving party need not disprove the opposing party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Rather, if the moving party satisfies this burden, the party opposing the motion must set forth specific facts, through affidavits or admissible discovery materials, showing that there exists a genuine issue for trial.  *See id.* at 323–24; Fed. R. Civ. P. 56(c)(1).

"[A] district court is not entitled to weigh the evidence and resolve disputed underlying factual issues."  *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992) (citation omitted).  Rather, "the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing

the motion." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S.

574, 587–88 (1986) (internal quotation marks and ellipsis omitted).

## III.   DISCUSSION

As an initial matter, and as mentioned below, Plaintiff concedes several

arguments raised in the Motion, resulting in the dismissal of the first claim and the

narrowing of the second claim.  The Court observes that, had Plaintiff's counsel

taken seriously the Local Rule 7.8 conference, a great deal of time, money, and

effort would have been saved.  The entire purpose of the Rule 7.8 conference is to

avoid the need for litigation over claims that will be conceded.

### A.   Count I—National Origin Discrimination

Defendant contends that Count I, alleging discrimination on the basis of

national origin and premised on events that occurred in September 2015, must be

dismissed because Plaintiff failed to exhaust his administrative remedies and

because it is untimely.

Under Title VII, a plaintiff must exhaust his administrative remedies by

filing a timely charge with the EEOC within 300 days of the alleged

discrimination.  *See* 42 U.S.C. § 2000e-5(b), (e)(1), (f)(1).  A district court may not

consider allegations of discrimination that were not included in a plaintiff's charge,

the EEOC's investigation, or an investigation that can reasonably be expected to

grow out of the charge unless the new claims are like or reasonably related to the

allegations contained in the charge.  *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099–1100 (9th Cir. 2002), *as amended* (Feb. 20, 2002).  When a claim is consistent with the plaintiff's original theory of the case, it should be considered reasonably related to the allegations in a charge.  *See id.* at 1100.

In his June 2017 EEOC Charge, which forms the basis of this lawsuit,[3] Plaintiff checked the box for discrimination based on "retaliation" (rather than "national origin"), alleged he engaged in protected activity by filing the 2015 EEOC Charge (that alleged discrimination based on national origin) and then filing the 2017 Lawsuit after receiving his Notice of Right to Sue, and claimed that Defendant then retaliated against him by reducing his work schedule from May through June 2017 and terminating him in June 2017.  *See* ECF No. 20-16 at 1–2. Plaintiff does not dispute—and in fact concedes—that his claim for national origin discrimination premised on conduct that occurred in 2015, such as being denied Boeing 757 training or scheduling, is both untimely and not reasonably related to any allegation in his 2017 EEOC Charge.  *See* ECF No. 23 at 2–3 (conceding action should be limited to retaliation claim based on protected activity of filing 2017 Lawsuit and retaliation of reduced hours and termination in 2017).

For these reasons, the Court GRANTS Defendant's Motion as to Count I.

---

[3] *See* ECF No. 23 at 2.

**B.      Count II—Retaliation**

Defendant also moves for summary judgment on Count II arguing that, to

the extent Plaintiff's retaliation claim is premised on his complaints related to FAA

safety violations, it is foreclosed and, to the extent it is premised on Title VII, it is

also untimely.

If premised on the first theory, Defendant notes that, with regard to

retaliation claims brought under AIR21, a district court has limited jurisdiction to

consider only suits brought to enforce the Department of Labor's final orders.  *See*

ECF No. 19-1 at 21 (citing *Am. Airlines, Inc. v. Mawhinney*, 904 F.3d 1114, 1121

(9th Cir. 2018)).  Because Plaintiff's 2016 OSHA decision is on appeal to the

Department of Labor and there has not yet been a decision on his 2017 OSHA

Complaint, Defendant argues Plaintiff cannot maintain a retaliation claim premised

on him raising safety concerns.  Plaintiff again concedes as much, noting that

Count II "is not related to the whistleblower allegation of safety violations."  ECF

No. 23 at 3.

Given Count II is instead brought under Title VII, Plaintiff does not object to

Defendant's argument that it is untimely under the relevant 300-day window to the

extent it is premised on retaliation for filing the 2015 EEOC charge (which he first

asserted in his 2016 EEOC Charge in April 2016).  *See* ECF No. 23 at 3.  Still,

Plaintiff maintains—and Defendant in turn concedes—that Count II survives to the

extent it is premised on the protected activity of filing the 2017 Lawsuit and

Defendant's alleged retaliatory response of reducing his hours from May through

June 2017 and terminating him in June 2017 because such allegations were timely

contained within his 2017 EEOC Charge.  *See* ECF No. 23 at 3; ECF No. 25 at 3

(conceding in Reply that Count II survives to the extent it is based on retaliation

for the 2017 Lawsuit via reduction in hours and termination in 2017).[4]

For these reasons, the Court GRANTS IN PART Defendant's Motion as to

Count II.

//

//

//

//

//

//

//

//

//

//

_____

[4]  Based on this concession, the Court rejects Defendant's prior argument that
Count II could somehow be dismissed as duplicative of Count I.  *See* ECF No. 19-
1 at 20.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion for Summary Judgment, ECF No. 19, as to Count I, and GRANTS IN PART Defendant's Motion for Summary Judgment as to Count II.  All that remains for trial is Plaintiff's claim under Count II that Defendant retaliated against him for filing the 2017 Lawsuit by reducing his work hours and terminating him.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, September 28, 2020.



Jill A. Otake
United States District Judge

Civil No. 19-00671-JAO-KJM, *Dolan v. Aero Micronesia*, ORDER GRANTING IN PART DEDENDANT'S MOTION FOR SUMMARY JUDGMENT